FILED

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

2017 OCT 11 PM 12: 27

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DISTRICT

RITA LEIBINGER GmbH & Co.,

    Plaintiff,

v.

VETERINARY ORTHOPEDIC IMPLANTS, INC.,

    Defendant.

Case No. 3:17-cv-1140-J-25JBT

**JURY TRIAL DEMANDED**

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, Rita Leibinger GmbH & Co. (hereinafter, "Leibinger" or "Plaintiff"), by and through its counsel, Baker & McKenzie LLP, and for its Complaint against Defendant, Veterinary Orthopedic Implants, Inc. (hereinafter, "VOI" or "Defendant"), hereby alleges as follows:

### NATURE OF ACTION

1.    This is an action for trademark infringement, false designation of origin, unfair competition, and patent infringement. By this action, Leibinger seeks injunctive and monetary relief from Defendant as set forth herein.

### PARTIES

2.    Plaintiff, Rita Leibinger GmbH & Co., is a German corporation located at Griesweg 37, 78570 Mühlheim an der Donau, Germany.

3.    Defendant, VOI, is a Florida corporation with its principal place of business located at 310 Commerce Lake Drive, Unit 107, St. Augustine, FL 32095-8808.

## JURISDICTION AND VENUE

4.     This Court has both federal question and diversity jurisdiction over this action.

5.     Defendant has and continues to infringe Leibinger's registered trademarks in violation of numerous Lanham Act provisions, as alleged herein and incorporated by reference to support Plaintiff's jurisdictional allegations. As a result, the Court has original federal-question jurisdiction over this action pursuant to 15 U.S.C. § 1114 and § 1125, as well as 28 U.S.C. § 1331 and § 1338(b).

6.     Defendant has and continues to infringe United States Patent No. 9,186,252 (the "'252 Patent"), which is owned entirely by Leibinger, and as a result, this Court has original federal-question jurisdiction over this action pursuant to Title 35 of the United States Code, as well as 28 U.S.C. § 1331 and § 1338(a).

7.     This Court also has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) as the parties to this dispute are completely diverse in terms of their citizenship, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

8.     This Court has personal jurisdiction over Defendant. Upon information and belief, Defendant regularly conducts business activity and/or at all relevant times conducted business activity in this state and district, which includes the infringement of the '252 Patent and the improper use of Plaintiff's trademarks that are the subject of this action.

9.     Venue is proper in this district pursuant to 28 U.S.C. § 1391 and § 1400(b) because Defendant is incorporated in the State of Florida. Further, upon information and belief, Defendant has continuously maintained a physical place of business in this district. Defendant's employees work at its place of business and are involved in, among other things, the sale of the

infringing products.  Indeed, upon information and belief, Defendant maintains inventory in and ships infringing products from its principal place of business located in St. Augustine, Florida. Thus, in addition to being incorporated in the State of Florida, Defendant maintains a regular and established place of business in this district, making venue and jurisdiction proper in this Court.

## FACTUAL BACKGROUND

### Leibinger's Trademark Registrations

10.    Leibinger has been designing, manufacturing, and selling medical products in the veterinary field of medicine for over a decade.  In that time, Leibinger has become a well recognized and successful provider of veterinary medical products in the United States.

11.    Beginning in 2013, Leibinger introduced a new innovative product for use in surgeries to repair cruciate ligament ruptures in canines.  Generally, this innovative product is a tibia implant that carries a sponge structure that rests against both sides of a respective vertical cut surface of a vertical knee proximal incision of the tibia that is made during the cruciate ligament surgery.  Leibinger's device provides a number of innovative advantages over other implants, including providing much needed stability, strength, and the ability to grow together with the bone in a manner not previously achieved.

12.    Since at least as early as 2013, Leibinger has marketed and sold this ground-breaking tibia implant under the trademarks TTA RAPID (U.S. Registration No. 5,207,087) and

 (U.S. Reg. No. 4,739,504) (hereinafter, "TTA RAPID" or the "Marks") in the United States.  True and correct copies of the Certificates of Registration for the Marks are attached hereto as **EXHIBITS A and B,** respectively.

13.     The registrations are active, valid, and in full force and effect.  The registrations are *prima facie* evidence of the validity of the registrations, of Leibinger's ownership of the Marks, and of Leibinger's exclusive right to use the Marks in commerce on or in connection with the goods specified in the certificates, namely, surgical, medical and veterinary apparatus and instruments and pharmaceutical and veterinary preparations for use in animal surgery, as provided in 15 U.S.C. § 1057(b) and § 1115(a).  Furthermore, the registrations are constructive notice of Leibinger's claim of ownership of the Marks pursuant to 15 U.S.C. § 1072.

14.     Leibinger has continuously and exclusively used the Marks in commerce within the United States in connection with the treatment of cruciate ligament injuries or ruptures in mammals since as early as July 31, 2013.

15.     Leibinger's website and advertising materials prominently feature the Marks in describing Leibinger's innovative tibia implant.

16.     Leibinger has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the Marks and its unique tibia implant.  As a result, tibia implants that are used in connection with the Marks are widely recognized as being revolutionary orthopedic implants and are exclusively associated by consumers with Leibinger.

### The '252 Patent

17.     On November 17, 2015, the United States Patent and Trademark Office duly and legally issued the '252 Patent entitled "Tibia Implant for Tightening the Patella Tendons" after a full and fair examination.  A true and correct copy of the '252 Patent is attached to this Complaint as **EXHIBIT C.**

18. Leibinger is the owner of the entire right, title, and interest in and to the '252 Patent and has the exclusive right to sue for infringement and recover damages for all past, present, and future infringement, including against VOI.

### Defendant's Infringement of the '252 Patent

19. Defendant has directly infringed one or more claims of the '252 Patent by making, selling, using, offering to sell, selling, and/or importing in this judicial district and elsewhere in the United States certain tibia implants, including, for example, the implants that VOI packages and sells under the infringing label TTA Rapid (the "Infringing Products"). As shown in VOI's 2017 Product Catalogue at page 10.3, VOI offers the Infringing Products in a variety of sizes ranging in price from $140-$150 each. *See http://vetimplants.com/2015/wp-content/uploads/2017/07/2017-Complete-Catalog.pdf*.

20. By way of illustration, the following is a picture of an Infringing Product taken from VOI's catalogue, which practices one or more of the '252 Patent's claims:



21. Also by way of illustration, the following is a side-by-side comparison of Figures 3 and 5 of the '252 Patent and a picture of an Infringing Product taken from VOI's catalogue:

| Figure 3 of the '252 Patent | Figure 5 of the '252 Patent | VOI's Infringing Product |
|---|---|---|
|  |  |  |

22.    By way of example, and in no way exhaustive of Leibinger's infringement allegations, the following chart comparing claim 1 of the '252 Patent to the Infringing Product shows that VOI's Infringing Products unquestionably practice and infringe the claims of the '252 Patent:

| '252 Patent – Claim 1 | Infringing Product |
|---|---|
| A tibia implant for tightening patella tendons comprising:<br><br>a sponge structure;  and | Tibia implant comprising a sponge structure  |
| a base plate, carrying the sponge structure wherein at least parts of said sponge structure comprise a lattice structure, wherein the implant is insertable into a knee proximate incision of a tibia so that two sides of the sponge structure are in one to one abutting relationship with two cut surfaces of the incision | The infringing product is a tibia implant that is insertable into a knee proximate incision of a tibia so that, when inserted, the two sides of the sponge are in the one to one abbutting relationship with the two cut surfaces of the incision as described in claim 1:<br><br>Base plate<br><br>Sponge formed in lattice structure  |



| | |
|---|---|
| wherein a length dimension of the base plate extends along a longitudinal axis of the implant | Base plate extending along the longitudinal axis |
| wherein the base plate is provided with at least two fastening loops projecting from the base plate transversely to the longitudinal axis of the implant and being bendable independent of each other, each of said fastening loops having an oblong fastening hole, said oblong fastening hole having a longitudinal extent which extends transversely to the longitudinal axis of the implant, and wherein the implant is tapered along the longitudinal axis in a width direction and in a thickness direction of the implant | At least two independently bendable fastening loops with oblong fastening holes extending transversely to the longitudinal axis  Tapered implant, in a width direction and thickness direction |

23.    By way of example, and in no way exhaustive of Leibinger's infringement allegations, the Infringing Product's lattice structure is a regular lattice structure, as recited in claim 2, which further demonstrates that VOI's Infringing Products unquestionably practice and infringe the claims of the '252 Patent.

24.    By way of example, and in no way exhaustive of Leibinger's infringement allegations, the Infringing Product further comprises a circumferential support frame surrounding the sponge structure, and the base plate of the Infringing Product forms part of the circumferential support frame, as recited in claim 3, which further demonstrates that VOI's Infringing Products unquestionably practice and infringe the claims of the '252 Patent:



25.     By way of example, and in no way exhaustive of Leibinger's infringement allegations, the Infringing Product's sponge structure is open-pored, as recited in claim 4, which further demonstrates that VOI's Infringing Products unquestionably practice and infringe the claims of the '252 Patent.

26.     By way of example, and in no way exhaustive of Leibinger's infringement allegations, the Infringing Product's sponge structure has a three-dimensional structure, as recited in claim 5, which further demonstrates that VOI's Infringing Products unquestionably practice and infringe the claims of the '252 Patent.

27.     By way of example, and in no way exhaustive of Leibinger's infringement allegations, the Infringing Product's sponge structure comprises multiple planes in parallel relationship with each other, each of the parallel planes being formed by the lattice structure, as recited in claim 7, which further demonstrates that VOI's Infringing Products unquestionably practice and infringe the claims of the '252 Patent:



28.     By way of example, and in no way exhaustive of Leibinger's infringement allegations, the Infringing Product's parallel planes are offset relative to one another by half a

lattice width along an x and/or y axis, as recited in claim 8, which further demonstrates that VOI's Infringing Products unquestionably practice and infringe the claims of the '252 Patent.

29.     By way of example, and in no way exhaustive of Leibinger's infringement allegations, the Infringing Product's lattice structure is formed by lattice sections and lattice points, wherein the lattice sections of the lattice structure of the neighboring planes are bent towards one another at bending sites between the lattice points, and wherein the respective neighboring planes contact one another at the bending sites, as recited in claim 9, which further demonstrates that VOI's Infringing Products unquestionably practice and infringe the claims of the '252 Patent.

30.     By way of example, and in no way exhaustive of Leibinger's infringement allegations, the Infringing Product's fastening loops extend toward the tibia and toward a partially severed section of the tibia, as recited in claim 10, which further demonstrates that VOI's Infringing Products unquestionably practice and infringe the claims of the '252 Patent.

31.     By way of example, and in no way exhaustive of Leibinger's infringement allegations, the Infringing Product's fastening loops project from the support frame in a horizontal direction or inclined relative to the horizontal direction, as recited in claim 11, which further demonstrates that VOI's Infringing Products unquestionably practice and infringe the claims of the '252 Patent:



Fastening loops extending horizontally from the support frame

32.     By way of example, and in no way exhaustive of Leibinger's infringement allegations, the Infringing Product's fastening loops have one or multiple receiving openings for

fasteners, as recited in claim 12, which further demonstrates that VOI's Infringing Products unquestionably practice and infringe the claims of the '252 Patent:



33.    By way of example, and in no way exhaustive of Leibinger's infringement allegations, the Infringing Product's fasteners are screws, as recited in claim 13, which further demonstrates that VOI's Infringing Products unquestionably practice and infringe the claims of the '252 Patent.

34.    By way of example, and in no way exhaustive of Leibinger's infringement allegations, the Infringing Product is made of metal or plastic, as recited in claim 14, which further demonstrates that VOI's Infringing Products unquestionably practice and infringe the claims of the '252 Patent.    *See, e.g.,*    *http://vetimplants.com/2015/wp-content/uploads/2017/01/TTA-Implants.pdf* (showing TTA Rapid implants made of titanium).

35.    By way of example, and in no way exhaustive of Leibinger's infringement allegations, the Infringing Product is made of titanium, as recited in claim 15, which further demonstrates that VOI's Infringing Products unquestionably practice and infringe the claims of the '252 Patent.    *See, e.g.,*    *http://vetimplants.com/2015/wp-content/uploads/2017/01/TTA-Implants.pdf* (showing TTA Rapid implants made of titanium).

36.    By way of example, and in no way exhaustive of Leibinger's infringement allegations, the Infringing Product's base plate or support frame has through openings, as recited in claim 21, which further demonstrates that VOI's Infringing Products unquestionably practice and infringe the claims of the '252 Patent:



Through openings in base plate or support frame

37.     By way of example, and in no way exhaustive of Leibinger's infringement allegations, the following chart comparing claim 22 of the '252 Patent to the Infringing Product shows that VOI's Infringing Products unquestionably practice and infringe the claims of the '252 Patent:

| '252 Patent – Claim 22 | Infringing Product |
|---|---|
| A tibia implant for tightening patella tendons comprising:<br><br>a sponge structure;  and | Tibia implant comprising a sponge structure |
| a base plate carrying the sponge structure and being provided with a through opening into the sponge structure and in flow communication with an entirety of the sponge structure, | The infringing product's base plate carries the sponge structure and is provided with a through opening into the sponge structure and in flow communication with the entirety of the sponge structure, as described in claim 22:<br><br>Base plate<br><br>Through opening into the sponge structure and in flow communication with the sponge structure<br><br>Sponge structure |
| wherein at least parts of said sponge structure comprise a lattice structure, | |



| | |
|---|---|
| | Sponge structure comprising a lattice structure |
| wherein the implant has a tapered vertical cross section and is insertable into a knee proximate incision of a tibia so that two sides of the sponge structure are in one to one abutting relationship with two cut surfaces of the incision | The infringing product is a tibia implant that is insertable into a knee proximate incision of a tibia so that, when inserted, the two sides of the sponge are in the one to one abutting relationship with the two cut surfaces of the incision as described in claim 22:<br><br>Base plate<br><br>Sponge formed in lattice structure<br><br>Tapered vertical cross section |
| wherein a length dimension of the base plate extends along a longitudinal axis of the implant, and wherein the implant is tapered along the longitudinal axis in a width direction and in a thickness direction of the implant | Longitudinal axis<br><br>Tapered implant, in a width direction and thickness direction |

38.     Defendant has contributorily infringed and continues to contributorily infringe the '252 Patent in this judicial district and elsewhere in the United States by its manufacture, importation, sale, offering for sale, and/or use of the Infringing Products.

39.     Defendant has induced infringement and continues to induce infringement of the '252 Patent in this judicial district and elsewhere in the United States by providing instructions, training, and/or otherwise inducing Defendant's manufacturer and customers to also infringe the '252 Patent.

## Defendant's Trademark Infringement

40.     Upon information and belief, without authorization or permission from Leibinger, the Defendant began using the name "TTA Rapid" in connection with closely related, if not identical, tibia implants after Leibinger began using the Marks in commerce. A picture of VOI's packaging that improperly uses the Marks is attached here as **EXHIBIT D.** As reflected in **EXHIBIT D**, in addition to improperly using the Marks in an infringing manner, VOI has designed its product in a manner that is virtually identical Leibinger's product.

41.     Indeed, because the products at issue are both tibia implants used during surgery to heal injury or rupture to the cruciate ligament in canines, and because Defendant is marketing and advertising its Infringing Products under a name that is virtually identical to the protected Marks, Defendant has created and continues to create confusion among existing and potential consumers to Leibinger's detriment. Leibinger has, in fact, already received correspondence from customers who confused VOI's Infringing Product with Leibinger's.

42.     Defendant's unlawful conduct has and will continue to cause damage to, among other things, Leibinger's business, reputation, goodwill, and dilution of the Marks. Unless Defendant is enjoined, Leibinger will continue to suffer irreparable injury for which there is no adequate remedy at law.

## COUNT I

## TRADEMARK INFRINGEMENT UNDER THE LANHAM ACT, 15 U.S.C. § 1114

43.     Leibinger re-alleges and incorporates herein the allegations set forth above as if fully set forth herein.

44.     Leibinger is the owner of the Marks. The registrations are active, valid, and in full force and effect.

45.     Defendant, without authorization from Leibinger, has used and is continuing to use the Marks.

46.     Defendant's unauthorized use of the Marks has and is likely to cause confusion, mistake, or deception among consumers or potential consumers as to the origin, sponsorship, or approval of Defendant's tibia implants.

47.     Defendant had constructive knowledge of Leibinger's registered and exclusive rights in the Marks prior to Defendant's use of the Marks.

48.     The aforesaid acts of Defendant constitute trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

49.     Upon information and belief, Defendant's acts were committed wilfully, with full knowledge of Leibinger's rights, and with the intention of deceiving and misleading the public and causing harm to Leibinger. The knowing and intentional nature of the acts set forth herein renders this an exceptional case under 15 U.S.C. § 1117(a).

50.     As a direct and proximate cause of Defendant's unlawful, intentional and willful conduct, Leibinger has been and will continue to be irreparably harmed unless Defendant is temporarily, preliminarily, and/or permanently enjoined from such unlawful conduct. Leibinger

has no adequate remedy at law. Unless enjoined, Defendant will continue its unlawful, intentional, and wilful conduct.

51.    In light of the foregoing, Leibinger is entitled to a temporary, preliminary, and/or permanent injunction prohibiting Defendant from using the Marks, or any mark confusingly similar thereto, and to recover from Defendant all damages that Leibinger has sustained and will sustain, and all gains, profits and advantages obtained by Defendant as a result of its infringing acts alleged above in an amount not yet known but in excess of $75,000, and the costs of this action pursuant to 15 U.S.C. § 1117(a) or, at Leibinger's option, statutory damages pursuant to 15 U.S.C. § 1117(c).

52.    As this is an exceptional case given Defendant's wilful acts, pursuant to 15 U.S.C. § 1117(a), Leibinger is further entitled to three (3) times the amount of the above profits or damages, whichever is greater, and its reasonable and necessary attorneys' fees.

### COUNT II

### FALSE DESIGNATION OF ORIGIN, 15 U.S.C. § 1125(A)

53.    Leibinger re-alleges and incorporates herein the allegations set forth above as if fully set forth herein.

54.    Leibinger is the owner of the Marks. The registrations are active, valid, and in full force and effect.

55.    Defendant, without authorization from Leibinger, has used and is continuing to use the Marks.

56.     Defendant's unauthorized use of the Marks constitutes false designation of origin which has and is likely to cause confusion, mistake, or deception among consumers or potential consumers as to the origin, sponsorship, or approval of Defendant's tibia implants.

57.     Defendant had constructive knowledge of Leibinger's registered and exclusive rights in the Marks prior to Defendant's use of the Marks.

58.     The aforesaid acts of Defendant constitute false designation of origin in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a).

59.     Upon information and belief, Defendant's acts were committed wilfully, with full knowledge of Leibinger's rights, and with the intention of deceiving and misleading the public and causing harm to Leibinger.  The knowing and intentional nature of the acts set forth herein renders this an exceptional case under 15 U.S.C. § 1117(a).

60.     As a direct and proximate cause of Defendant's unlawful, intentional and willful conduct, Leibinger has been and will continue to be irreparably harmed unless Defendant is temporarily, preliminarily, and/or permanently enjoined from such unlawful conduct.  Leibinger has no adequate remedy at law.  Unless enjoined, Defendant will continue to mislead and confuse consumers as to the origin, sponsorship, or approval of Defendant's tibia implants and/or deceive or to cause confusion or mistake among consumers as to the affiliation, connection, or association between Defendant and Leibinger.

61.     In light of the foregoing, Leibinger is entitled to a temporary, preliminary, and/or permanent injunction prohibiting Defendant from using the Marks, or any mark confusingly similar thereto, and to recover from Defendant all damages that Leibinger has sustained and will sustain, and all gains, profits and advantages obtained by Defendant as a result of its infringing acts alleged above in an amount not yet known but in excess of $75,000, and the costs of this

action pursuant to 15 U.S.C. § 1117(a) or, at Leibinger's option, statutory damages pursuant to 15 U.S.C. § 1117(c).

62.     As this is an exceptional case given Defendant's wilful acts, pursuant to 15 U.S.C. § 1117(a), Leibinger is further entitled to three (3) times the amount of the above profits or damages, whichever is greater, and its reasonable and necessary attorneys' fees.

## COUNT III

### INFRINGEMENT OF U.S. PATENT NO. 9,186,252

63.     Leibinger re-alleges and incorporates herein the allegations set forth above as if fully set forth herein.

64.     Defendant has directly infringed and continues to infringe, either literally or under the doctrine of equivalents, one or more claims of the '252 Patent by making, using, offering to sell, selling, and/or importing, in this judicial district and elsewhere in the United States, the Infringing Products.  Defendant is therefore liable for direct infringement of the '252 Patent pursuant to 35 U.S.C. § 271(a).

65.     Defendant has induced infringement, either literally or under the doctrine of equivalents, of one or more claims of the '252 Patent by providing instructions, training, and/or otherwise inducing Defendant's customers to infringe the '252 Patent through its customers' use and operation of the Infringing Products.  Defendant is liable for inducement of infringement of the '252 Patent pursuant to 35 U.S.C. § 271(b).

66.     Defendant has contributorily infringed and continues to contributorily infringe, either literally or under the doctrine of equivalents, one or more claims of the '252 Patent by making, using, offering to sell, and/or importing, in this judicial district and elsewhere in the

United States, the Infringing Products.   Defendant is therefore liable for contributory infringement of the '252 Patent pursuant to 35 U.S.C. § 271(c).

67.     Leibinger has suffered and continues to suffer damages as a result of Defendant's infringement of the '252 Patent.  Pursuant to 35 U.S.C. § 284, Leibinger is entitled to recover damages in an amount that is no less than a reasonable royalty from Defendant for its infringing acts.

68.     Upon information and belief, Defendant has imported, distributed, offered for sale, and sold the Infringing Products and/or trained, provided instructions, and/or otherwise induced Defendant's customers to infringe the '252 Patent with knowledge of Leibinger's rights in and to the '252 Patent.  Defendant's infringement of the '252 Patent has therefore been willful.

69.     Leibinger seeks a trebling of any damages awarded in this suit, as provided by 35 U.S.C. § 284.

70.     Defendant's willful infringement of the '252 Patent makes this an exceptional case, as provided by 35 U.S.C. § 285.  Leibinger therefore seeks an award of its reasonable attorneys' fees.

71.     Further, unless Defendant is enjoined from further infringement of the '252 Patent, Defendant's infringement will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law.

### COUNT IV

### UNFAIR COMPETITION DUE TO COMMON LAW TRADEMARK INFRINGEMENT

72.     Leibinger re-alleges and incorporates herein the allegations set forth above as if fully set forth herein.

73.     Leibinger first adopted and used the TTA RAPID trademark for its TTA RAPID tibia implants, and has used the TTA RAPID trademark throughout the entire State of Florida. Leibinger has actually and continuously used TTA RAPID as its trademark, and thus acquired and retained an interest in this trademark that is protectable at common law.

74.     Leibinger's prior use of the TTA RAPID trademark in Florida established good will and reputation in the market and described, identified, or denominated particular tibia implants made or sold by Leibinger, and distinguished Leibinger's tibia implants from similar goods marketed by others in the State of Florida.

75.     Through its association with Leibinger's tibia implants the TTA RAPID trademark has acquired a special significance as the name of the tibia implants marketed by Leibinger in Florida, because the TTA RAPID trademark is inherently distinctive and/or it has, by actual usage, acquired in the medical device trade area a special trade meaning as indicating, describing, identifying, or denominating Leibinger as the source of certain tibia implants.

76.     Defendant has used a confusingly similar trademark to indicate or identify implants that VOI packages and sells under the label TTA Rapid, which it markets in competition with Leibinger in the same trade area in which Leibinger has already established its own TTA RAPID trademark for tibia implants.

77.     As a consequence of Defendant's acts, customer confusion as to the source or sponsorship of Defendant's tibia implants has already resulted, or is inevitable or likely to result.

78.     As a direct and proximate cause of Defendant's infringing acts, Leibinger has been and will continue to be irreparably harmed unless Defendant is temporarily, preliminarily, and/or permanently enjoined from such unlawful conduct.  Leibinger has no adequate remedy at law.  Unless enjoined, Defendant will continue its unlawful conduct.

79.     In light of the foregoing, Leibinger is entitled to a temporary, preliminary, and/or permanent injunction prohibiting Defendant from using the TTA RAPID trademark, or any mark confusingly similar thereto.

## COUNT V

### FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT VIOLATION

80.     Leibinger re-alleges and incorporates herein the allegations set forth above as if fully set forth herein.

81.     Defendant has committed unlawful acts and practices in violation of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201, *et seq.* by unfairly competing with Leibinger in making, selling, using, offering to sell, selling, and/or importing certain tibia implants, including the implants that VOI packages and sells under the label TTA Rapid, which has misled consumers and caused injury to Leibinger.

82.     Defendant also has committed unfair and deceptive acts and practices in violation of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201, *et seq.* by providing instructions, training, and/or otherwise inducing Defendant's customers to use certain tibia implants, including the implants that VOI packages and sells under the label TTA Rapid, which has misled consumers and caused injury to Leibinger.

83.     Upon information and belief, Defendant has imported, distributed, offered for sale, and sold the implants that VOI packages and sells under the label TTA Rapid, and/or trained, provided instructions, and/or otherwise induced Defendant's customers to use these implants, with knowledge of Leibinger's superior rights in and to the same and that such importing, distribution, offering for sale, and sale would be misleading to consumers and injurious to Leibinger.

84.     The aforesaid acts of Defendant constitute violations of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201, *et seq.*

85.     As a direct and proximate cause of Defendant's unlawful, intentional and willful conduct, Leibinger has been and will continue to be irreparably harmed unless Defendant is temporarily, preliminarily, and/or permanently enjoined from such unlawful conduct. Leibinger has no adequate remedy at law. Unless enjoined, Defendant will continue its unlawful, intentional, and wilful conduct.

86.     Leibinger is a corporation aggrieved by Defendant's violation of the Florida Deceptive and Unfair Trade Practices Act and is entitled to relief in accordance with Fla. Stat. § 501.211(1). Accordingly, Leibinger requests a declaratory judgment that Defendant's acts or practices violated the Florida Deceptive and Unfair Trade Practices Act and further requests that Defendant be enjoined from continuing its violations of the Florida Deceptive and Unfair Trade Practices Act.

87.     Leibinger seeks an award of its reasonable attorneys' fees and costs under Fla. Stat. § 501.2105.

## PRAYER FOR RELIEF

WHEREFORE, Leibinger hereby prays for relief as follows:

1.     That this Court enter judgment that as a result of Defendant's unauthorized use of the Marks, Defendant has engaged in acts of trademark infringement in violation of Section 32(a) of the Lanham Act and false designation of origin in violation of Section 43(a) of the Lanham Act.

2.     That this Court enter judgment that Defendant has infringed the '252 Patent.

3.      That this Court enter judgment that Defendant has engaged in acts of unfair competition and infringement in violation of trademark protections provided at common law in this state.

4.      That this Court enter judgment that Defendant has violated the Florida Deceptive and Unfair Trade Practices Act.

5.      That this Court issue a temporary, preliminary, and/or permanent injunction order preventing Defendant, its agents, employees, attorneys, successors, and assignees, and all those controlled by, acting on behalf of, in privity with, or acting in concert or active participation with Defendant from using the Marks in any way, collectively or individually.

6.      For compensatory damages in an amount to be proven at trial.

7.      For treble damages pursuant to 15 U.S.C. § 1117.

8.      For treble damages pursuant to 35 U.S.C. § 284.

9.      For reasonable and necessary attorneys' fees.

10.     For costs of suit.

11.     For pre- and post-judgment interest, to the extent allowable.

12.     For such other and further relief, including injunctive, declaratory, compensatory, and any other relief as the Court may deem proper and just.

## DEMAND FOR JURY TRIAL

Leibinger hereby demands a trial by jury on all claims that may be tried before a jury.

Dated: October 10, 2017

BAKER & McKENZIE LLP
*Attorneys for Rita Leibinger GmbH & Co.*
1111 Brickell Avenue, Suite 1700
Miami, Florida 33131
Telephone: (305) 789-8900
Facsimile: (305) 789-8953

/s/ Benjamin D. Davis
Benjamin C. Davis
Fla. Bar. No. 110734
benjamin.davis@bakermckenzie.com